### DAWES ET AL VS BENSON ET AL.

Opinion delivered June 17, 1904.

1. *Mandamus—Dawes Commission—Citizenship Claims—Exclusive Jurisdiction of Citizenship Court.*

By Act of Cong. July 1, 1902 (32 Stat. 646) the Citizenship Court was created and vested with exclusive jurisdiction to settle all claims of citizenship in the Choctaw and Chickasaw Nations; and a proceding seeking to compel by mandamus the enrollment of one as an Indian citizen by the Dawes Commission was thereby terminated, such cause being necessaryly transferred to the Citizenship Court.

Appeal from the United States Court for the Central District.

W. H. H. CLAYTON, Judge.

Mandamus by Eugene R. Benson and others against Henry L. Dawes and others. Judgment for plaintiffs. Defendants appeal. Remanded, with directions.

PER CURIAM. This was an action of mandamus, begun in the Central district of the Indian Territory, at South Mc-

Alester, to compel the Commission to the Five Civilized Tribes, appellants herein, to enroll as members of the Choctaw tribe of Indians the appellees herein.    Appellants filed a demurrer to the complaint, which was overruled by the court, and an exception was taken by the defendants.    On June 26, 1900, a motion was filed by the Choctaw and Chickasaw tribes of Indians to be named parties defendant, which was by the court, on March 22, 1901, overruled, and an exception taken by defendants.    Thereafter defendants filed demurrer to the complaint, which was by the court overruled and exception taken, and defendants given further time to plead.    Afterwards the cause came on to be heard in open court upon the motion of plaintiffs for a peremptory writ of mandamus, and defendants refused to plead further.    The court found certain matters of fact, and found and entered the following judgment (caption omitted): "On this 22d day of March, A. D. 1901, this cause came on to be heard in open court upon the motion of plaintiffs herein for a peremptory writ of mandamus, and plaintiffs appeared by their attorneys, and defendants appeared by their attorneys.    Whereupon the defendants refused to plead further, and the court, being well and sufficiently advised in the premises, finds that on the 2d day of December, 1896, the Commission to the Five Civilized Tribes duly and legally entered an order admitting the plaintiff Eugene R. Benson to citizenship in the Choctaw nation or tribe of Indians as a member by blood, and that said judgment has not been appealed from and is still in force and effect.    And the court further finds that on the 12th day of July, 1896, the plaintiff Ella A. Benson, a white woman, was duly and legally married to the plaintiff Eugene R. Benson, and that by said marriage there was born to the said Ella A. Benson, Bessie Benson, born June 12, 1899 and George R. Benson born April 12, 1900.    The court further finds that the plaintiffs have appeared before the defendants, as Commissioners to the Five Civilized Tribes, and demanded to be

enrolled as members of the Choctaw nation or tribe of Indians, and that said defendants refused and are still refusing to enroll the plaintiffs; and the court finds that the defendants have due notice of this proceeding, and that it is the plain ministerial and legal duty of the defendants, as such Commissioners, to enroll the plaintiff as members of the Choctaw nation or tribe of Indians. It is therefore considered and adjudged by the court that the defendants, as Commissioners to the Five Civilized Tribes, enroll the plaintiff Eugene R. Benson and the plaintiff Ella A. Benson members by marriage of the Choctaw Nation or Tribe of Indians and enroll the plaintiffs Bessie Benson and George R. Benson as the descendants of the plaintiff Eugene R. Benson and as members of the Choctaw tribe or nation of Indians, and that in so enrolling the plaintiffs herein they do any and all things necessary to be done to protect them in their rights and privileges, as fully as any other members of the Choctaw tribe or nation of Indians. It is further ordered and adjudged by the court that a peremptory writ of mandamus issue as prayed for in plaintiffs' petition, commanding said defendants, as such Commissioners to the Five Civilized Tribes, to enroll said plaintiffs as members of the Choctaw nation or tribe, and as residents of Blue county, Choctaw nation, and do any and all things necessary to be done in order to protect the plaintiffs in their rights and privileges as members of the said Choctaw nation or tribe of Indians; said writ of mandamus to be returnable on the 2d of April, A. D. 1901. And it is further adjudged that the plaintiffs have and recover of and from the defendants their costs herein. Thereupon defendants, by their attorneys, in open court, duly excepted and prayed an appeal from said judgment to the United States Court of Appeals for the Indian Territory, which appeal is by the court granted." Defendants duly excepted to the judgment of the court and prayed an appeal to this court. By Act Cong. July 1, 1902, 32 Stat. 646-648, c. 1362, §§ 31-33, the citizenship court was created, and such court vested with exclusive jurisdic-

tion to settle all claims of citizenship; and, such citizenship court having exclusive jurisdiction of this case, it is hereby remanded to the United States Court, whence it originated, with directions to said court to certify all papers in connection with the cause to the citizenship court for such action and determination as shall seem to said court meet and proper.